**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| SHARI THOMPSON and BILLY THOMPSON, | ) ) ) | CASE NO. 8:05CV136 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | MEMORANDUM |
| ADAM KYLE, P. CLARK, NOONAN, C., and DOES II through X, in their individual and official capacities, and the CITY OF OMAHA, a municipal corporation, | ) ) ) ) ) ) | AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on the Motion for Partial Summary Judgment submitted by Defendants Adam Kyle, Dan Clark, Mark Noonan, and the City of Omaha. (Filing No. 35). For the reasons stated below, the Motion will be granted in part and denied in part.

**BACKGROUND**

The Second Amended Complaint (Filing No. 34) alleges that on or after March 28, 2001, the City of Omaha and the individual Defendants, who were all law enforcement officers employed by the City of Omaha, violated the Plaintiffs' rights under the United States Constitution, federal statutes, and state tort law, by damaging the interior of Shari Thompson's place of business while executing a search warrant of the business; disassembling a vehicle and leaving it in the business parking lot; arresting Billy Thompson without a warrant or exigent circumstances; damaging the interior and exterior of the Thompsons' residence while executing a search warrant; and conspiring to bring drug and weapon charges against Billy Thompson. (*Id.*, ¶¶ 1, 8-16). Shari Thompson acknowledges

that the date the business and the home were searched was March 29, 2001.  (Deposition of Shari Thompson, Filing No. 37-3 ("S. Thompson Depo.") 5:9-16).   She also acknowledges, and the evidence shows, that the application for the search warrant and the warrant itself were executed on March 26, 2001.  (*Id.* 43:8-44:4, Ex. 1 & 2 to S. Thompson Depo.).

This action was filed on March 28, 2005.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331, which grants original jurisdiction to federal district courts over federal questions; 28 U.S.C. § 1343, which grants original jurisdiction to federal district courts over various civil rights actions; and 28 U.S.C. § 1367(a), which grants supplemental jurisdiction to federal district courts over claims that are so related to the original jurisdiction claims that they form part of the same case or controversy.

The Second Amended Complaint claims that the individual Defendants, in their individual capacities, are liable for the state tort law claims, which are before the Court pursuant to 42 U.S.C. § 1367.  The claims based on state tort law are: destruction of personal property; interference with business opportunity; assault; and unlawful detainer.  (Second Amended Complaint ¶¶ 61-68).  The Defendants have moved for summary judgment on these claims and on the claim that the Defendants "gained a search warrant on the basis of slander and libel."  (*Id.* ¶ 8).  The Defendants contend that all these claims are barred by applicable statutes of limitations.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving

2

party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003).  The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The proponent need not, however, negate the opponent's claims or defenses.  *Id.* at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249-50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

## DISCUSSION

The Defendants have moved for summary judgment on the Plaintiffs' state tort law claims (Second Amended Complaint ¶¶ 61-68), and the claim that the Defendants improperly obtained and executed a search warrant based on libel and slander (*id.* ¶ 8). The Defendants contend that these claims are barred by the provisions of Nebraska's Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 13-901 *et seq.* (the "Act").

The Act provides that "no suit shall be maintained against [a] political subdivision or its officers, agents, or employees on any tort claim except to the extent, and only to the extent, provided by the Political Subdivisions Tort Claims Act." Neb. Rev. Stat. § 13-902 (Reissue 1997). The Act also states:

> No suit shall be commenced against any employee of a political subdivision for money on account of damage to or loss of property or personal injury to or the death of any person caused by any negligent or wrongful act or omission of the employee while acting in the scope of his or her office or employment occurring after May 13, 1987, unless a claim has been submitted in writing to the governing body of the political subdivision within one year after such claim accrued in accordance with section 13-905.

Neb. Rev. Stat. § 13-920(1) (Reissue 1997). "[A]ny suit commenced on any claim filed pursuant to this section shall be forever barred unless begun within *two years* after the claim accrued." Neb. Rev. Stat. § 13-920(3) (Reissue 1997) (emphasis added). The Political Subdivisions Tort Claims Act, however, *does not apply* to "[a]ny claim arising out of assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." Neb Rev. Stat. § 13-910(7) (Reissue 1997).

4

The Second Amended Complaint names Kyle, Clark and Noonan as Defendants in their individual and official capacities.  (Second Amended Complaint ¶ 4).   The requirements of the Political Subdivisions Tort Claims Act still apply when an individual is sued in his or her individual capacity, but is acting within the scope of employment.  *See Bohl v. Buffalo County*, 557 N.W.2d 668 (Neb. 1997); *see also Cole v. Wilson,* 627 N.W.2d 140 (Neb. Ct. App. 2001).

The Defendants' alleged misconduct occurred on March 26 and 29, 2001.  The Second Amended Complaint alleges that Shari Thompson had to close her business in December 2001, which would mean the interference with business opportunity claim accrued no later than December 2001.  (*Id.* ¶ 23).

The Plaintiffs' state-law claims against the individual Defendants based on destruction of personal property and interference with business opportunity are governed by the Political Subdivisions Tort Claims Act and are barred by the provisions of § 13-920(1) and (3).   To the extent that paragraph 8 of the Second Amended Complaint purports to raise any claim based on libel or slander, such claim is barred by the one-year statute of limitations set forth in Neb. Rev. Stat. § 25-208 (Cum Supp. 2004).   Billy Thompson's claims against the individual Defendants in their individual capacities based on assault and unlawful detainer[1] are not governed by the Nebraska Political Subdivisions Tort Claims Act, and the four-year statute of limitations set forth in Neb. Rev. Stat. § 25-212 applies to these claims.  Accordingly, despite the broad wording of  §§ 13-920, those

---

[1] Liberally construed, I understand Billy Thompson's claim for "unlawful detainer" to be one for false arrest.

5

claims against the individual Defendants in their individual capacities are not barred by the Nebraska Political Subdivisions Tort Claims Act.

For the reasons stated in this memorandum,

IT IS ORDERED:

1)      The Defendants' Motion for Partial Summary Judgment (Filing No. 36) is granted in part and denied in part;

2)      The Plaintiffs' state-law Claims for Relief set forth in paragraphs 61 through 64 of the Second Amended Complaint are dismissed;

3)      To the extent that the Second Amended Complaint purports to state any cause of action based on libel or slander, such causes of action are barred; and

4)      The Motion for Partial Summary Judgment is otherwise denied.


DATED this 1st day of February, 2006.

                                    BY THE COURT

                                    s/Laurie Smith Camp
                                    United States District Judge

6